ALMETA SAUNDERS v. CHARLOTTE LIBERTY MUTUAL INSURANCE COMPANY.

(Filed 22 November, 1967.)

**1. Insurance § 3—**

An insurance company generally has the right to fix the conditions upon which it will become liable, and the patron the right to accept or refuse them.

**2. Insurance § 35—**

The policy in suit provided additional benefits if insured sustained visible bodily injuries solely through external, violent and accidental means, resulting directly and independently of all other causes in death. The evidence was to the effect that the five-month-old insured was found dead in his bed in which he had slept with his eight-year-old sister, and the only evidence as to the cause of death was that the child had smothered. *Held:* The evidence fails to bring insurer's liability within the additional coverage.

APPEAL by plaintiff from *Latham, S.J.,* and a jury at the 27 February 1967 Civil Session, Superior Court of RANDOLPH County.

A little five-months-old boy was insured by his mother, to the extent of $500.00, with defendant Insurance Company. The policy provided that if the insured "sustained . . . visible bodily injuries, solely through external, violent and accidental means, resulting, directly and independently of all other causes, in the death of the insured", the company would pay an additional benefit of $500.00.

Early in the morning of 29 July 1963, the little fellow was found dead in his bed by his mother. He had slept the night before with his eight-year-old sister. No signs of violence were found on his body, and no autopsy was performed.

The coroner, over the objection of defendant, gave it as his opinion that the baby died by smothering.

The defendant paid the beneficiary $500.00 under the policy, and returned some disputed premiums, but refused to pay double indemnity benefits. The plaintiff sued for them and, upon nonsuit, appealed.

*Ottway Burton, Attorney for plaintiff appellant.*
*J. J. Shields, Attorney for defendant appellee.*

PER CURIAM. The coroner, who was not qualified as an expert, opined that the child died by smothering. No signs of violence were found on the body. No other evidence of the cause of death or the condition of the body was offered.

An insurance company generally has the right to fix the conditions upon which it will become liable, and the patron has the right to accept or refuse them. Here the policy is explicit that the defendant will pay additional (double indemnity) benefits only upon conditions not here shown. There was no evidence of "visible bodily injuries" nor of "violent, external means" causing the death of the insured.

Under well stated opinions of this Court, as set forth in *Langley v. Insurance Co.*, 261 N.C. 459, 135 S.E. 2d 38, and *Henderson v. Indemnity Co.*, 268 N.C. 129, 150 S.E. 2d 17, the plaintiff cannot recover.

In the judgment of nonsuit, there was
No error.